FILED

DEC 1 3 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                       DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ROBERT WILLICH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:16-CV-340-RP |
| SANDERSON FARMS, INC., (PROCESSING DIVISION) | § § § § | |
| Defendant. | § § | |

## VERDICT FORM

### QUESTION NO. 1a

(First Cause of Action: Unlawful Employment Practice)

Question 1a: Did Robert Willich prove by a preponderance of the evidence that his disability, if any, was a motivating factor in Sanderson Farms' decision to terminate Mr. Willich's employment?

Answer "Yes" or "No."

Answer: __Yes__

### QUESTION NO. 1b

**ANSWER THE FOLLOWING QUESTION ONLY IF YOU ANSWERED "YES" TO QUESTION 1a.**

Question 1b: Did Sanderson Farms prove by a preponderance of the evidence that it would have terminated Robert Willich's employment when they did in the absence of the impermissible motivating factor?

Instructions on Question No. 1b: If you find Plaintiff's disability was a motivating factor in Defendant's decision to terminate his employment, even though other considerations were factors in the decision, then you must determine whether Defendant would have made the same decision even if they had not considered Plaintiff's disability.

For the purposes of this question, you should not consider information Sanderson Farms acquired *after* deciding to terminate Mr. Willich, such as information not disclosed on his job application.

Such after-acquired information is relevant only to the amount of back pay to award Mr. Willich, if any.

Answer "Yes" or "No."

Answer: __NO__

# QUESTION NO. 2
(Second Cause of Action: Failure to Accommodate)

Question No. 2: Did Robert Willich prove by a preponderance of the evidence that Sanderson Farms failed to provide a reasonable workplace accommodation to him?

Answer "Yes" or "No."

Answer: __Yes__

# QUESTION NO. 3
(Third Cause of Action: Retaliation)

Question No. 3: Did Robert Willich prove by a preponderance of the evidence that Sanderson Farms terminated his employment because of his accommodation requests or his complaints that Sanderson Farms had not honored his requested accommodations?

Instruction on Question No. 3: Mr. Willich must establish that without his accommodation request or complaint, Sanderson Farms would not have terminated him when it did. In other words, Mr. Willich must prove that he would not have been terminated "but for" requesting a reasonable accommodation. However, he need not establish that requesting a reasonable accommodation was the sole cause of his termination.

Answer "Yes" or "No."

Answer: __Yes__

## QUESTION NO. 4
(Compensatory Damages)

ANSWER THE FOLLOWING QUESTION <u>ONLY IF</u> ONE OF THE FOLLOWING IS TRUE:

   a) YOU ANSWERED "YES" TO QUESTION NO. 1a <u>AND</u> "NO" TO QUESTION NO. 1b;

   b) YOU ANSWERED "YES" TO QUESTION 2;

   <u>OR</u>

   c) YOU ANSWERED "YES" TO NO. 3.

OTHERWISE, DO NOT ANSWER THE FOLLOWING QUESTION.

<u>Question No. 4</u>: What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Robert Willich for his damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer in dollars and cents for damages, if any.

   1. Back pay.

"Back pay" is that amount of wages and employment benefits that Robert Willich would have earned if he had not been subjected to his employer's unlawful conduct less any wages, unemployment compensation benefits or workers' compensation benefits he received in the interim.

"Employment benefits" include sick-leave pay, vacation pay, profit-sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage.

   Answer: $45K

   2. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

   Answer: $10K

3. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer: 85K

## QUESTION 5
(Punitive Damages: Liability)

**ANSWER THE FOLLOWING QUESTION <u>ONLY IF</u> ONE OF THE FOLLOWING IS TRUE:**

    a) **YOU <u>UNANIMOUSLY</u> ANSWERED "YES" TO QUESTION NO. 1a <u>AND</u> "NO" TO QUESTION NO. 1b;**

    b) **YOU <u>UNANIMOUSLY</u> ANSWERED "YES" TO QUESTION 2;**

**<u>OR</u>**

    c) **YOU <u>UNANIMOUSLY</u> ANSWERED "YES" TO NO. 3.**

**OTHERWISE, DO NOT ANSWER THE FOLLOWING QUESTION.**

To answer "Yes" to any part of the following question, your answer must be unanimous. Otherwise, you must not answer that part of the following question.

<u>Question No. 5:</u> Do you find by clear and convincing evidence that Sanderson Farms engaged in the discriminatory practice that you have found in answer to Questions 1a and 1b, 2, or 3 with malice or with reckless indifference to the right of Robert Willich to be free from such practices?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or No."

Answer: Yes

## QUESTION 6
(Punitive Damages: Amount)

**ANSWER THE FOLLOWING QUESTION ONLY IF YOU UNANIMOUSLY ANSWERED "YES" TO QUESTION NO. 5.**

**OTHERWISE, DO NOT ANSWER THE FOLLOWING QUESTION.**

What sum of money, if any, if paid now in cash, should be assessed against Sanderson Farms and awarded to Robert Willich as punitive damages, if any, for the conduct found in response to Questions 1a and 1b, 2, or 3?

You must unanimously agree on the amount of any award of punitive damages.

Answer in dollars and cents, if any.

Answer: $55K

SIGNED this 13 day of December, 2017.

